# UNITED STATES DISTRICT COURT
# DISTRICT OF NEBRASKA

TANNER W. ROTH; JON W. SMITHLEY; )
LOGAN M. PRIEBE; VICTORIA S. )
ROBERTS; TIMOTHY C. BEXTEN; )
ZACHARY R. BRAUM; ARMAND G. )
FONDREN II; NATHAN P. GAVIC; )
BRENNAN L. BARLOW; MICHAEL T. )
EDWARDS; MATTHEW J. CASCARINO; )
MATTHEW C. DOWNING; KEVIN )
DUNBAR; CAMERON M. GRIM; )
AARON F. KARPISEK; IAN C. McGEE; )
EVAN McMILLAN; ZACHARY )
MORLEY; MATTHEW L. NELSON; )
BRYAN STIGALL; KYNAN VALENCIA; )
MORGAN T. VIAR; DANIEL VERA )
PONCE; ADAM R. CASSIDY; TRISTAN )
M. FRIES; AIRMEN 1-11; )
 )
Plaintiffs, )          Civil Action No. 8:22-cv-3038
 )
v. )
 )
LLOYD J. AUSTIN, III, in his official )
capacity as United States Secretary of )
Defense; UNITED STATES )
DEPARTMENT OF DEFENSE; FRANK )
KENDALL, III, in his official capacity as )
United States Secretary of the Air Force; )
ROBERT I. MILLER, in his official capacity )
as Surgeon General of the United States Air )
Force; MICHAEL A. LOH, in his official )
capacity as the Director of the Air National )
Guard; DAVID A. WEISHAAR, in his )
official capacity as Adjutant General of the )
Kansas National Guard; DARYL L. )
BOHAC, in his official capacity as Adjutant )
General of the Nebraska National Guard; )
 )
Defendants. )

# PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs, by and through counsel, and pursuant to Federal Rule of Civil Procedure 65, respectfully move this Court for a preliminary injunction against Defendants' vaccine mandate. In support of this Motion, Plaintiffs rely on the following:

1. The Brief in support of this Motion, filed contemporaneously herewith;

2. The Exhibits in support of this Motion, filed contemporaneously herewith as attachments to the Brief;

3. The Complaint, ECF Doc. No. 1; and

4. All further evidence necessary to support this Motion, filed hereafter or presented at any hearing on this Motion.

The legal basis for this Motion, which is detailed in full in the Brief supporting this Motion, may be summarized as follows. Plaintiffs have filed religious accommodation requests (RARs) objecting to Defendants' COVID-19 vaccine mandate because taking the vaccine conflicts with their sincerely held religious beliefs. None of Plaintiffs' RARs have been granted. Of the 36 Plaintiffs' RARs, 19 have been denied. Of those 19 denials, five Plaintiffs have also had their RAR appeal denied and face imminent discharge from the active duty Air Force or Air Force Reserve. That discharge could occur within weeks of this filing. The standards for the issuance of a preliminary injunction are clearly met.

Plaintiffs are likely to succeed on their legal claims. Plaintiffs' first legal claim is that Defendants' vaccine mandate and its implementation violate the Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb *et seq*. Defendants have substantially burdened Plaintiffs' religious freedom by forcing them to choose between taking a COVID-19 vaccination in violation of their sincerely held religious beliefs and being discharged from the military. Defendants have also penalized Plaintiffs for merely filing their RARs. Defendants' actions are not supported by a

compelling governmental interest and are not the least restrictive means of serving such an interest. Plaintiffs' second legal claim is that Defendants' vaccine mandate and its implementation violate the Free Exercise Clause of the First Amendment to the United States Constitution. Because Defendants' vaccine mandate and its implementation are not neutral and not generally applicable, strict scrutiny applies. Defendants' vaccine mandate and its implementation fail strict scrutiny because Defendants' actions are not supported by a compelling governmental interest and are not the least restrictive means of serving such an interest.

All 36 Plaintiffs have suffered irreparable harm as a result of the adverse employment actions already taken against them for merely filing an RAR. All 36 Plaintiffs will suffer additional irreparable harm when they are discharged and their military careers are brought to an end. In addition, the infringement of Plaintiffs' free exercise of religion constitutes irreparable harm.

The balancing of harms and the public interest support the granting of this Motion, as is explained in full in Plaintiffs' Brief. Whenever First Amendment freedoms are being infringed upon, injunctive relief is always in the public interest. In addition, there is no public interest in refusing to make a religious accommodation for Plaintiffs, particularly when all 36 Plaintiffs have been able to perform their duties and several have been deployed, with no difficulty in the performance of their missions. Defendants have granted at least 3,781 medical and administrative exemptions to the vaccine mandate; if Defendants were able to grant those exemptions without negative consequences, they cannot now claim that there is a public interest against granting religious exemptions for Plaintiffs. There is also a weighty public interest against terminating the 17 Plaintiffs who are pilots, in whom American taxpayers have invested approximately $93.5 million in training, at a time when their service is needed to defend the United States against threats

3

around the world.  Finally, Defendants' own dilatory failure to meet their self-established deadlines in reviewing RARs, by many months in some cases, indicates that Defendants and the public interest would not be adversely affected by the temporary injunctive relieve requested in this Motion while this case is adjudicated.

Specifically, Plaintiffs respectfully request the following relief:

1. A preliminary injunction prohibiting Defendants, their agents, officials, servants, employees, and any other persons acting on their behalf from taking further steps toward the discharge of Plaintiffs or any member the Air Force, Air Force Reserve, or Air National Guard who has filed a religious accommodation request;

2. A preliminary injunction compelling Defendants, their agents, officials, servants, employees, and any other persons acting on their behalf to restore the training and other career opportunities that Plaintiffs have been denied as a result of Plaintiffs' filing of religious accommodation requests; and

3. A preliminary injunction prohibiting Defendants, their agents, officials, servants, employees, and any other persons acting on their behalf from denying travel, training, or other career opportunities to any member of the Air Force, Air Force Reserve, or Air National Guard who has filed or received a religious accommodation request.

Plaintiffs request a waiver of any bond required by Federal Rule of Civil Procedure 65(c) because these issues involve the free exercise of religion.  There is no money at stake in issuance of the preliminary injunction, and no financial impact on Defendants. *See Goyette v. City of Minneapolis*, 20-CV-1302 (WMW/DTS), 2021 U.S. Dist. LEXIS 208359, at *40 (D. Minn. 2021) ("Courts have concluded that a bond is not required to obtain preliminary injunctive relief when a

4

plaintiff is seeking to prevent a government entity from violating the First Amendment.") (citing

*Bukaka, Inc., v. County of Benton*, 852 F. Supp. 807, 813 (D. Minn. 1993)).

**WHEREFORE**, Plaintiffs respectfully request that the Court grant this Motion for

Preliminary Injunction.

HEARING REQUESTED

Dated**:** March 18, 2022                                Respectfully submitted,

                                                         */s/  Kris W. Kobach*

Pam Bondi, *pro hac vice app. pending*                   Kris W. Kobach
Jessica Hart Steinmann, *pro hac vice app. pending*      *Plaintiffs' Counsel of Record*
Rachel Jag, *admitted pro hac vice*                      Nebraska Bar No. 23356
Craig Trainor, *admitted pro hac vice*                   Alliance for Free Citizens
America First Policy Institute                           P.O. Box 155
1001 Pennsylvania Ave., NW                               Lecompton, KS  66050
Suite 530                                                (913) 638-5567
Washington, DC  20004                                    kkobach@gmail.com
(571) 348-1802
pbondi@americafirstpolicy.com
jsteinmann@americafirstpolicy.com
rjag@americafirstpolicy.com
ctrainor@americafirstpolicy.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2022, I electronically served upon defense counsel the foregoing document through the operation of the Court's ECF system.  In addition, a copy has been sent via electronic mail to defense counsel at the following email addresses:

Stuart J. Robinson
Johnny H. Walker
Courtney D. Enlow
U.S. Department of Justice
Civil Division
950 Pennsylvania Ave.
Washington, D.C. 20530
Stuart.J.Robinson@usdoj.gov
Johnny.H.Walker@usdoj.gov
Courtney.D.Enlow@usdoj.gov

Steve Russell
Lynnett M. Wagner
Tom Hook
U.S. Attorney's Office, District of Nebraska
487 Federal Building
100 Centennial Mall North
Lincoln, NE 68508
Steve.Russell@usdoj.gov
Lynnett.M.Wagner@usdoj.gov
Tim.Hook@usdoj.gov

**s/ Kris W. Kobach**
KRIS W. KOBACH