# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TANNER W. ROTH; JON W. SMITHLEY; LOGAN M. PRIEBE; VICTORIA S. ROBERTS; TIMOTHY C. BEXTEN; ZACHARY R. BRAUM; ARMAND G. FONDREN II; NATHAN P. GAVIC; BRENNAN L. BARLOW; MICHAEL T. EDWARDS; MATTHEW J. CASCARINO; MATTHEW C. DOWNING; KEVIN DUNBAR; CAMERON M. GRIM; AARON F. KARPISEK; IAN C. MCGEE; EVAN McMILLAN; ZACHARY MORLEY; MATTHEW L. NELSON; BRYAN STIGALL; KYNAN VALENCIA; MORGAN T. VIAR; DANIEL VERA PONCE; ADAM R. CASSIDY; TRISTAN M. FRIES; AIRMEN 1-11;<br><br>     Plaintiffs,<br><br>vs.<br><br>LLOYD J. AUSTIN, III, in his official capacity as United States Secretary of Defense; UNITED STATES DEPARTMENT OF DEFENSE; FRANK KENDALL, III, in his official capacity as United States Secretary of the Air Force; ROBERT I. MILLER, in his official capacity as Surgeon General of the United States Air Force; MICHAEL A. LOH, in his official capacity as the Director of the Air National Guard; DAVID A. WEISHAAR, in his official capacity as Adjutant General of the Kansas National Guard; DARYL L. BOHAC, in his official capacity as Adjutant General of the Nebraska National Guard,<br><br>     Defendants. | 8:22CV3038<br><br>**PROTECTIVE ORDER** |

  Upon the request of the parties in the above-captioned matter, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters the following protective order.

1. <u>Provision of the Pseudonym Plaintiffs' Identities.</u> Upon entry of this Protective Order, Plaintiffs currently identified in the Complaint as Airmen 1-11 (collectively, "Pseudonym Plaintiffs"), through their counsel, will provide the identities and commands of the Pseudonym Plaintiffs to undersigned defense counsel of record subject to the limited dissemination and non-disclosure provisions of this Order.

2. <u>Limited Dissemination and Non-Disclosure of Pseudonym Plaintiffs' Identities.</u> The following persons may receive notice of Pseudonym Plaintiffs' identities: (a) counsel for Defendants, including supervisory officials at the Department of Justice and agency counsel for Defendants; (b) persons regularly in the employ of counsel for Defendants who have a need to know the Pseudonym Plaintiffs' identities in the performance of their duties related to this action; (c) persons regularly in the employ of Defendants who have a need to know Pseudonym Plaintiffs' identities in order to perform duties necessary for the resolution of this action, provided that such persons agree to and sign the attached non-disclosure agreement (Appendix A); and (d) potential witnesses for this action, provided that such persons agree to and sign the attached non-disclosure agreement (Appendix A). Counsel for Defendants shall maintain copies of all signed non-disclosure agreements (Appendix A), and shall provide copies to counsel for Pseudonym Plaintiffs.

3. <u>Permissible Uses of Pseudonym Plaintiffs' Identities.</u> Any person learning Pseudonym Plaintiffs' identities pursuant to this Protective Order shall use that information only for purposes of this litigation and shall not disclose Pseudonym Plaintiffs' identities to the public or to anyone except persons identified in Paragraph 2, absent court order.

4. <u>Scope of the Protective Order.</u> This Protective Order does not alter the requirements of NECivR 5.3(c), which requires an order of the Court permitting documents to be filed under restricted access. If any party wishes to use any document containing Pseudonym Plaintiffs' identities, or other personal identifying information that would lead to the discovery of Pseudonym Plaintiffs' identities, in a court filing or proceeding in this action, they shall either (i) redact Pseudonym Plaintiffs' names and other personal identifying information or (ii) shall file a motion to restrict access pursuant to NECivR 5.3(c). This Protective Order also does not grant Pseudonym Plaintiffs leave to proceed under pseudonyms nor excuse compliance with Federal Rule of Civil Procedure 10(a).

5. <u>Modifications.</u> Each party reserves the right to seek to modify the terms of this Protective Order and Plaintiffs' pseudonym status at any time. If a party seeks to modify the Protective Order, the counsel for the party seeking to modify this Order shall confer with counsel for all other parties to this action.

Dated this 25th day of March, 2022.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

## APPENDIX A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Nebraska on March \_\_\_, 2022, in <u>Tanner W. Roth, et al. v. Lloyd J. Austin, III, et al.</u>, Case No. 8:22CV3038 (D. Neb.).  I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information that is subject to this Protective Order, which expressly includes Pseudonym Plaintiffs' identities and other personal identifying information that would lead to the discovery of Pseudonym Plaintiffs' identities, to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: March \_\_\_, 2022

City and State where sworn and signed: Omaha, Nebraska

Printed name: _____

Signature: _____