IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TANNER W. ROTH, JON W. SMITHLEY, LOGAN M. PRIEBE, VICTORIA S. ROBERTS, TIMOTHY C. BEXTEN, ZACHARY R. BRAUM, ARMAND G. FONDREN, II; NATHAN P. GAVIC, BRENNAN L. BARLOW, MICHAEL T. EDWARDS, MATTHEW J. CASCARINO, MATTHEW C. DOWNING, KEVIN DUNBAR, CAMERON M. GRIM, AARON F. KARPISEK, IAN C. MCGEE, EVAN MCMILLAN, ZACHARY MORLEY, MATTHEW L. NELSON, BRYAN STIGALL, KYNAN VALENCIA, MORGAN T. VIAR, DANIEL VERA PONCE, ADAM R. CASSIDY, TRISTAN M. FRIES, and AIRMEN 1-11, <br><br>　　　　　　Plaintiffs, <br><br>vs. <br><br>LLOYD J. AUSTIN III, In his official capacity as United States Secretary of Defense; UNITED STATES DEPARTMENT OF DEFENSE, FRANK KENDALL III, in his official capacity as United States Secretary of the Air Force; ROBERT I. MILLER, in his official capacity as Surgeon General of the united States Air Force; MICHAEL A. LOH, in his official capacity as the Director of the Air National Guard; DAVID A. WEISHAAR, in his official capacity as Adjutant General of the Kansas National Guard; and DARYL L. BOHAC, in his official capacity as Adjutant General of the Nebraska National Guard; <br><br>　　　　　　Defendants. | 8:22CV3038 <br><br> ORDER REGARDING PRE-HEARING MOTIONS AND SETTING TIME LIMITS FOR PRELIMINARY INJUNCTION HEARING |

1

A hearing on Plaintiffs' Motion for Preliminary Injunction, Filing 20, is scheduled for May 9, 2022, at 1:30 p.m. This case is now before the Court on two motions by Plaintiffs: (1) a Motion to Allow Live Witness Testimony, Filing 52; and (2) a Motion for Protective Order to Limit Disclosure of Identity of Anonymous Witness, Filing 53. Plaintiffs indicate that Defendants "take no position" on either of these Motions. The Court also concludes that it is appropriate to set certain time limits for the preliminary injunction hearing.

As to the Motion to Allow Live Witness Testimony, Plaintiffs seek leave to present live testimony from up to three of the Plaintiff Airmen at the preliminary injunction hearing to address disputed factual matters and to provide more "clarity" to the Court concerning such matters than is possible in a declaration. As a well-respected commentator on federal court practice has observed, Rule 78(b) of the Federal Rules of Civil Procedure states that the court may provide for submitting and determining motions—necessarily including motions for preliminary injunctions pursuant to Rule 65—on briefs, without oral hearings, and that Rule 65 does not explicitly require an oral hearing on a preliminary-injunction motion. 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2949, at 246–48 (2013); *see also Fundamental Admin. Servs., LLC v. Anderson*, No. CIV. JKB-13-1708, 2015 WL 2340831, at *1 (D. Md. May 13, 2015). Granting a preliminary injunction without live witnesses or even oral argument is particularly appropriate when there are no genuinely disputed facts or when written submissions demonstrate that the movant is not entitled to any relief. *Id.* Here, after reviewing the parties' written submissions, the Court concludes that properly limited witness testimony may be of some assistance to the proper disposition of the request for a preliminary injunction. Plaintiffs' Motion to Allow Live Witness Testimony is granted.

In the second motion now before the court, Plaintiffs seek a protective order to prevent the identity of a witness identified as "Airman #9" from being revealed at the preliminary injunction hearing. They argue such an order is appropriate because Airman #9 is challenging governmental activity. They also argue that Airman #9 may be in possession of sensitive intelligence such that identifying the airman by name could expose the airman to potential counter-intelligence operations or compromise United States national security interests.

The Court has already made clear to the parties, by email from a courtroom deputy, that the identity of the witness must be known to the Court and Defendants' counsel. Thus, the issue, here, is only one of *public* disclosure of the "anonymous" witness's identity. Courts apply similar standards to whether a witness can testify anonymously as they do to whether a party can proceed anonymously. *See, e.g., McGehee v. Nebraska Dep't of Corr. Servs.*, No. 4:18CV3092, 2019 WL 266423, at *5 (D. Neb. Jan. 17, 2019). Thus, the relevant concerns include (1) the severity of the threatened harm, usually meaning threatened harm to the anonymous person; (2) the reasonableness of the anonymous person's fears, and (3) the anonymous person's vulnerability to retaliation. *Alma v. Noah's Ark Processors, LLC*, No. 4:20CV3141, 2020 WL 7246602, at *1 (D. Neb. Dec. 9, 2020) (citing *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)). The consequences must be "extraordinary" in order to overcome the presumption of a transparent judicial process. *Id.* (citing *Advanced Textile*, 214 F.3d at 1071). The ultimate test is whether the anonymous person has a substantial right that outweighs the constitutional principle of open judicial proceedings. *Id.* (citing *Roe v. AwareWoman Center for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001), *cert. denied*, 534 U.S. 1129 (2002)).

Here, both the witness and the Air Force have substantial need to avoid public disclosure of the witness's identity, because of reasonable fears that disclosure of his identity could threaten

3

national security. *See id.* (identifying the threatened harm and the reasonableness of the fears as factors relevant to whether a party should be allowed to use a pseudonym). Certainly, publicly identifying the witness increases the vulnerability of the witness to targeting by anyone interested in improperly obtaining such sensitive information. *See id.* (third factor). The need to protect national security interests is sufficiently "extraordinary" to warrant safeguarding the witness's identity. *Cf. id.* (requiring "extraordinary" consequences in the employment context). The part of the hearing during which Airman #9 testifies will be closed to the public and, in all other parts of the hearing, the airman will be identified by the Court, the parties, and any witnesses as "Airman #9." Plaintiffs' Motion for Protective Order to Limit Disclosure of Identity of Anonymous Witness is granted.

The last issue, which the Court raises *sua sponte*, is the matter of time limits for the preliminary injunction hearing. The Court informed the parties, by email from a courtroom deputy, that the Court had scheduled 2.5 hours for this hearing and that the Court expected the parties to plan accordingly. Recognizing this time limit, in the Motion to Allow Live Witness Testimony, Plaintiffs' counsel undertakes to focus the questions to any witnesses to get straight to the point and to limit direct testimony to approximately 20 minutes, leaving the same amount of time for cross examination. The Court understands Plaintiffs' counsel to mean approximately 20 minutes of direct examination plus 20 minutes of cross examination for each witness, rather than a total of 20 minutes for direct examination for all three witnesses.

The Court applauds counsel's undertaking "to get straight to the point," but experience has taught the Court that attorneys' estimates of how long a witness may take are sometimes inaccurate—even wildly inaccurate. To provide the parties with a fair opportunity to present their

4

evidence and arguments, the Court will set the following time limits for the preliminary injunction hearing:

    1.    Plaintiffs shall have a total of 80 minutes for direct examination and re-direct examination of the three witnesses they have leave to call;

    2.    Defendants shall have a total of 40 minutes for cross-examination of the three witnesses, although Defendants may request additional time for cross examination, by filing such a request, if they believe they can show good cause for more time;

    3.    Plaintiffs shall have a total of 20 minutes for their argument and may reserve some of that time for rebuttal argument; and

    4.    Defendants shall have 20 minutes for their argument.

The parties are, of course, welcome to use *less* than the total time they are allotted.

IT IS SO ORDERED.

Dated this 5th day of May, 2022.

                                                  BY THE COURT:

                                                  Brian C. Buescher
                                                  United States District Judge