UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TANNER W. ROTH, *et al.*,<br>    *Plaintiffs,*<br>   v.<br>LLOYD J. AUSTIN, III,<br> United States Secretary of Defense, *et al.*,<br>    *Defendants.* | Civil Action No. 8:22-CV-03038<br><br>DEFENDANTS' POST-HEARING BRIEF |

  Defendants respectfully submit this brief pursuant to the Court's order allowing the parties additional argument on Plaintiff's motion for a preliminary injunction. (Filing No. 59).

  *First*, Defendants address Lt. Col. Armand Fondren's testimony that an unvaccinated individual, once exempted from the vaccination requirement, is thereafter treated the same as a vaccinated person. That is incorrect. To mitigate risks to health and readiness, the Department of Defense and the Air Force impose several restrictions on unvaccinated individuals, including those with an exemption. For one, their ability to deploy is restricted. In addition to Air Force readiness requirements, Combatant Commands, which are joint commands with responsibility for particular geographic areas or functions (*see* Filing No. 62-7, Vaz Decl. ¶ 6), set vaccination requirements for their areas of responsibility. *See* AFI 48-110 ¶ 3-2(e)(3), https://perma.cc/4LZE-3WCD. Currently, all combatant commands require personnel deploying to their respective areas to be fully vaccinated against COVID-19. *See* Health.mil, *Health Readiness*, https://perma.cc/B2Y7-JU23.[1] Those unable to deploy for twelve consecutive months due to their unvaccinated status,

---

[1] Some unvaccinated service members have been deployed subject to restrictions (including, for example, that they quarantine upon arrival and at no point leave the base), particularly prior to the Department of Defense's vaccine requirement. This does not undermine the Air Force's compelling interest in vaccination. "[M]erely because the military has found ways to perform its duties despite the risks of COVID-19 does not mean it must endure these risks indefinitely when there are effective means of mitigating them." *Short v. Berger,* No. CV 22-1151, 2022 WL 1051852, at *6 (C.D. Cal. Mar. 3, 2022).

including those with exemptions, "will be evaluated for a retention determination." DoD Instruction 1332.45 § 1.2 (Apr. 27, 2021), https://perma.cc/K5MC-W7GA).

Official travel and meetings are also restricted. Those not vaccinated "are limited to mission-critical official travel, both domestic and international." (Filing No. 62-10, Deputy Sec'y of Def. Mem. (Sept. 24, 2021).[2] These deployment and travel restrictions apply even if the member is exempt. (Filing No. 38-3, Chapa Decl. ¶ 17 ("[A]ll unvaccinated service members are treated the same for purposes of determining whether they should travel or deploy.")). And all unvaccinated service members, regardless of exemption status, may be subject to testing before accessing military facilities during periods of medium and high transmission. (Under Sec'y of Def. Mem. §2.1 (Apr. 4, 2022), https://perma.cc/XC22-ZQZS).

These measures reflect the military's judgment that unvaccinated service members, whether or not exempt, pose a significant and unacceptable risk to military health and readiness. (Filing No. 38-11, Stanley Decl. ¶¶ 18, 20; Filing No. 38-10, Rans Decl. ¶¶ 8, 10–13; Filing No. 38-9, Poel Decl. ¶¶ 8–9). Unvaccinated service members also fail to meet worldwide deployability requirements. (*See, e.g.,* Filing No. 38-18, Moschella Decl. ¶ 5). The military plainly has a compelling interest in alleviating these risks and harms, as several courts have held. *See Navy SEALS 1–4 v. Austin*, No. 22-cv-0688, 2022 WL 1294486, at *9 (D.D.C. Apr. 29, 2022) ("On the Court's review, no court has ever held that the military does not have a compelling interest in the health of its troops, and no court has suggested that vaccination against harmful diseases does not serve a compelling government interest."); *Short v. Berger,* No. CV 22-1151, 2022 WL 1051852, at *6 (C.D. Cal. Mar. 3, 2022) (finding a compelling interest in "military readiness" and

---

[2] Under this policy, unvaccinated service members may not travel to attend trainings unless deemed mission critical. This is why Capt. McGee was unable to travel for certain simulator training. Once an updated simulator is delivered to Offutt, he will be able to complete this training.

"preventing the spread of COVID-19 amongst members of the Marine Corps"); *Air Force Officer v. Austin*, --- F. Supp. 3d ---, 2022 WL 468799, at *9 (M.D. Ga. Feb. 16, 2022) ("It would be a waste of time and wrong to state that '[s]temming the spread of COVID-19' isn't a compelling interest—the Supreme Court has already decided it is."); *see also Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020) ("Stemming the spread of COVID–19 is unquestionably a compelling interest[.]").[3]

*Second*, Defendants address the fact that, within the Air Force, no religious accommodations have yet been granted other than to those who will soon leave service. While Plaintiffs call this evidence of a "sham," it is in fact evidence of the compelling need for vaccination. The record shows that the Air Force gives each requester serious individualized consideration. (Filing No. 38-12, Streett Decl. ¶¶ 3–16). Indeed, the Air Force's grant of some requests shows that they are "individually assessed, even if to date the military has found that it can only accommodate an exemption for those who are close to separation without undermining its compelling interests." *Short*, 2022 WL 1051852, at *4. It should come as little surprise that few requests would be granted in this context, where vaccination against COVID-19 is so integral to the Air Force's compelling interests in maintaining the health and medical readiness of its force.

---

[3] Airman #9 also testified that unvaccinated government contractors are permitted to use military facilities. In contractual matters, the Department of Defense must abide by the terms of its contracts, and contracts predating the COVID-19 pandemic are unlikely to contain a requirement that contractors' employees be vaccinated. An executive order, which would require new contractors to ensure their employees are vaccinated, is currently subject to a nationwide injunction preventing the government from implementing it. *See Georgia v. Biden*, --- F. Supp. 3d ---, 2021 WL 5779939, at *12 (S.D. Ga. Dec. 7, 2021). Notably, unvaccinated contractor employees are subject to the same testing requirements as unvaccinated service members when accessing military facilities. Mem. from Under Sec'y of Def. at (Dec. 20, 2021), https://perma.cc/7NDM-FFTN. Also, contractors do not generally perform core military functions like taking up arms to defend the nation. Thus, the fact that unvaccinated contractor employees access military facilities does not undermine the Air Force's determination that it has a compelling interest in vaccinating serivce members.

(Filing No. 38-11, Stanely Decl. ¶ 20). These broad interests apply with no less force when considered in the context of each service member where they are implicated. Indeed, for the Plaintiffs who have been denied an accommodation by the Air Force Surgeon general, individual commanders have detailed the compelling interests in having each of them vaccinated. The Court should decide the preliminary injunction motion based on that individualized evidence rather than unwarranted inferences from the rate at which requests for religious accommodation are denied. *See Gonzales v. O Centro Espirita Beneficente*, 546 U.S. 418, 430 (2006) (RFRA requires a "to the person," not categorical, analysis (quoting 42 U.S.C. § 2000bb-1(b)).

*Third,* the scope of the requested injunction would exceed limitations set by the Supreme Court in a similar case. Plaintiffs ask the Court to enjoin the Air Force from denying them travel, training, or career opportunities. (Filing No. 21, Pls.' Mot. for Prelim. Inj. at 38). Such an order would intrude upon the Air Force's operational judgment in how to assign, train, and deploy its forces. The Supreme Court granted a partial stay of an injunction insofar as it precluded the Navy "from considering respondents' vaccination status in making deployment, assignment, and other operational decisions." *Austin v. Navy SEALs 1–26*, 142 S. Ct. 1301 (2022); *see also id.* at 1302 ("Under Article II of the Constitution, the President of the United States, not any federal judge, is the Commander in Chief of the Armed Forces," and there is no basis to "employ[] the judicial power in a manner that military commanders believe would impair the military of the United States as it defends the American people.") (Kavanagh, J., concurring). Any injunction should not breach those limitations. In any event, as described above, the restrictions on Plaintiffs' ability to deploy and travel would apply whether or not they were granted an exemption from vaccination.

*Finally*, Plaintiffs' claims are unripe and unexhausted, as explained in Defendants' motion-to-dismiss brief (Filing No. 41) and incorporated into their opposition to a preliminary injunction

(Filing No. 42 at 12 n.5). Those Plaintiffs who have not received a final decision on their request for accommodation lack a ripe claim. (Filing No. 41 at 16–19). And *every* Plaintiff has failed to exhaust administrative remedies. Circuit precedent dictates that "discrete military personnel decision[s]" are unreviewable; plaintiffs may only seek review of "the constitutionality of a regulation of statute of general applicability" and a final action by a Board for Correction for Military Records. *Watson v. Ark. Nat'l Guard*, 886 F.2d 1004, 1010–11 (8th Cir. 1989). Thus, Plaintiffs' claims are nonjusticiable and unlikely to succeed. (Filing No. 41 at 19–24). At no point have Plaintiffs rebutted this argument.

Respectfully submitted,

JAN W. SHARP
United States Attorney
District of Nebraska

By:  s/ Lynnett M. Wagner
    LYNNETT M. WAGNER, #21606
    TIMOTHY R. HOOK, #24529
    Assistant U.S. Attorneys
    1620 Dodge Street, Suite 1400
    Omaha, NE 68102-1506
    Tel.: (402) 661-3700
    Fax: (402) 661-3081
    lynnett.m.wagner@usdoj.gov

Dated: May 10, 2022

BRIAN M. BOYTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director

ANTHONY J. COPPOLINO
Deputy Director

 s/ Johnny Walker
STUART J. ROBINSON
Senior Counsel
JOHNNY H. WALKER
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Rm. 12304
Washington, DC 20530
Tel.: (202) 514-3183 / Fax: (202) 616-8460
Email: johnny.walker@usdoj.gov

*Attorneys for Defendants*